UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAYLER WILEY,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; JAY SCOTT and JANE DOE SCOTT, and the marital community composed thereof;<br><br>                              Defendants. | Case No.  2:22-cv-00374<br><br>COMPLAINT |

COMES NOW the plaintiff, Tayler Wiley, and hereby pleads and alleges as follows:

## I.   PARTIES

1.1   <u>Plaintiff Tayler Wiley</u>.   Plaintiff Tayler Wiley was at all relevant times residing in King County, State of Washington.

1.2   <u>Defendant United States of America</u>.   Defendant United States of America was at all material times acting through the United States Postal Service (hereinafter "USPS) and its employee and/or agent, Jeffrey K. Yeager. Defendant United States of America created the United States Postal Service (hereinafter "USPS") as an independent agency of the executive branch. USPS was created and is governed by the Postal Reorganization Act

("PRA"), 39 U.S.C. §§ 101 – 5605. Defendant United States of America by and through the USPS is engaged in commerce and does business in King County, Washington. At all relevant times, Jeffrey K. Yeager was a United States Postal Service employee and, therefore, an employee of the United States of America for purposes of 28 U.S.C. § 1346. Defendant United States of America is vicariously liable for the acts and/or omissions of its employee and/or agent as described herein under the legal theories of principal/agent, master/servant, and/or respondent superior.

1.3  Defendant Jay Scott.  Upon information and belief, Defendant Jay Scott is and was at all material times hereto a resident of King County, State of Washington.  If this defendant is married, all acts and omissions by Defendant Jay Scott described herein were performed on behalf of the marital community.

## II.  JURISDICTION AND VENUE

2.1  Jurisdiction.  Subject matter jurisdiction is predicated on federal question jurisdiction under 28 U.S.C. § 1331.  The court also has jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671-2680, as well as pendant and supplemental subject matter jurisdiction over the state law claims under 28 U.S.C. § 1367.

2.2  Venue.  Venue is proper in this district court under 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this district.

## III.  FACTS

3.1  On April 4, 2019, Jeffrey K. Yeager was employed by Defendant United States of America through its federal agency the United States Postal Service.

3.2  On April 4, 2019, Jeffrey Yeager was driving an automobile in the City of Seattle, King County, Washington.

3.3     Jeffrey Yeager was driving an automobile owned, operated, and maintained by Defendant United States of America through its federal agency the United States Postal Service

3.1     Jeffrey Yeager was driving southbound on Stone Way North.

3.2     As Jeffrey Yeager intended on turning left into a parking area, he entered the two-way left turn lane in the center of Stone Way North.

3.3     Jeffrey Yeager made a blind left turn, crossing in front of stopped northbound traffic, and entered the northbound dedicated bicycle lane.

3.4     Upon information and belief, Jeffrey Yeager claims that Defendant Jay Scott stopped to allow him to turn left through a gap in northbound stopped traffic.

3.5     Upon information and belief, Jeffrey Yeager claims that Defendant Jay Scott waved him through the gap in northbound stopped traffic.

3.6     The automobile driven by Jeffrey Yeager did not stop to yield the right-of-way to an oncoming bicyclist.  In doing so, he cut-off the plaintiff, Tayler Wiley on her bicycle causing a T-bone style bicycle-versus-van collision.

3.7     At the time of the collision, Jeffrey Yeager was acting within the course and scope of his employment with the United States Postal Service. United States of America is the proper defendant.

3.8     The tortious conduct of Jeffrey Yeager was a proximate cause of the bicycle-versus-van collision and the resulting injuries and damages suffered by the plaintiff, Tayler Wiley.

3.9     Upon information and belief, the tortious conduct of Defendant Jay Scott was a proximate cause of the bicycle-versus-van collision and the resulting injuries and damages suffered by the plaintiff, Tayler Wiley.

## IV. CAUSES OF ACTION – DEFENDANT UNITED STATES OF AMERICA

4.1  Plaintiff Tayler Wiley incorporates the previous allegations of the Complaint.

4.2  Defendant United States of America's employees and/or agents had a duty to exercise ordinary care to avoid placing himself and/or others in danger.

4.3  Defendant United States of America's employees and/or agents had a duty to exercise ordinary care to avoid a collision.

4.4  Defendant United States of America's employees and/or agents had a duty of care to act reasonably.

4.5  The driver of a vehicle intending to turn to the left shall yield right-of-way to any vehicle approaching from the opposite direction.

4.6  RCW 46.61.526(11)(c)(iii)(B), was enacted as part of a series of traffic safety rules to protect bicyclists and defines bicyclists as "vulnerable users of a public way".

4.7  Pursuant to Seattle Municipal Code 11.53.190, "The operator of a motor vehicle shall not drive in a bicycle lane except to execute a turning maneuver, yielding to all persons riding bicycles therein."

4.8  Plaintiff Tayler Wiley was the favored user of the roadway with the right-of-way.

4.9  Defendant United States of America's employees and/or agents, including but not limited to Jeffrey K. Yeager, failed to exercise ordinary care to avoid placing others in danger, including but not limited to Plaintiff Tayler Wiley.

4.10  Defendant United States of America's employees and/or agents, including but not limited to Jeffrey K. Yeager, failed to exercise ordinary care to avoid causing a collision.

4.11    The tortious conduct of Defendant United States of America's employees and/or agents, including but not limited to Jeffrey K. Yeager, was a proximate cause of injuries and damages to Plaintiffs.

4.12    Defendant United States of America is vicariously liable for the tortious conduct of its employees and/or agents, including but not limited to Jeffrey K. Yeager.

### V.    CAUSES OF ACTION – DEFENDANT JAY SCOTT

5.1    Plaintiff Tayler Wiley incorporates the previous allegations of the Complaint.

5.2    Defendant Jay Scott had a duty of care to act reasonably.

5.3    Defendant Jay Scott had a duty to exercise ordinary care to avoid placing himself and/or others in danger.

5.4    Upon information and belief, and the statements of Jeffrey K. Yeager to investigating law enforcement officers, Defendant Jay Scott stopped to leave a gap in traffic and then waved at Jeffrey K. Yeager indicating that it was safe to execute his left turn.

5.5    When a driver waves a left turning driver through stopped traffic, the waving driver assumes a duty to help the left turning driver cross the street.  The waving driver is obligated to discharge that duty with reasonable care, including exercising reasonable care to perceive oncoming vehicles, including bicyclists, and/or warning of the presence of oncoming vehicles, including bicyclists.

5.6    Defendant Jay Scott, failed to exercise ordinary care to avoid placing others in danger, including but not limited to Plaintiff Tayler Wiley.

5.7    Defendant Jay Scott failed to exercise ordinary care to avoid causing a collision.

COLBURN LAW
22500 SE 64TH PLACE, SUITE 200
ISSAQUAH, WA  98027
TEL: (206) 919-3215   FAX: (888) 850-2909

5.8     The tortious conduct of Defendant Jay Scott was a proximate cause of injuries and damages to Plaintiff Tayler Wiley.

## VI.    DAMAGES

6.1     Plaintiff Tayler Wiley incorporates the previous allegations of the Complaint.

6.2     The tortious conduct of Defendants was a proximate cause of injuries and damages to the plaintiff, Tayler Wiley.  Ms. Wiley has incurred medical expenses, lost earnings, loss of earning capacity, and with reasonable probability is expected to incur further medical expenses, lost earnings, and loss of earning capacity in the future and has undergone pain and suffering, disability, disfigurement, and loss of enjoyment of life, and with reasonable probability will continue to do so in the future, and property damage, and other damages, all in an amount to be proven at the time of trial.

6.3     Plaintiff Tayler Wiley's damages were not caused by any fault on her part, but were caused solely by the tortious acts and omissions of Defendant United States of America's employee and/or agent, Jeffrey K. Yeager and Defendant Jay Scott.

6.4     No other individuals or entities caused Plaintiff's injuries and damages.

## VII.    RESERVATION OF RIGHTS

6.1     <u>Reservation of Rights</u>.  Plaintiff Tayler Wiley reserves the right to assert additional claims as may be appropriate following further investigation and discovery.  On February 4, 2021, Plaintiff Tayler Wiley submitted claims to the United States Postal Service under the Federal Tort Claims Act.  On March 8, 2021, Defendant USPS confirmed that it was in receipt of the claim and was reviewing it. Plaintiff hereby expressly reserves the right to amend this complaint to add additional causes of action under the Federal Tort Claim Act as discovery reveals additional information.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For a judgment of liability in favor of Plaintiff and against Defendants;

2. For an award of damages in favor of Plaintiff and against Defendants in an amount to be proven at the time of trial;

3. For prejudgment interest at the statutory rate on economic damages incurred by Plaintiff;

4. For Plaintiff's costs and disbursements herein and a reasonable attorney's fee;

5. For such further relief as to the Court seems just.

DATED this 28th day of March, 2022.

> s/ Gregory S. Colburn
> Gregory S. Colburn, WSBA #41236
> Colburn Law
> 22500 SE 64th Place, Suite 200
> Issaquah, WA 98027
> Telephone: (206) 919-3215
> Email: greg@colburnlaw.com
> *Attorneys for Plaintiff Tayler Wiley*